UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **REGINALD WOODS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1701 (EGS) |
| | ) | |
| **UNITED STATES DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff challenges the Department of Justice's ("DOJ") response to his request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant, having released responsive records, moves for summary judgment under Fed. R. Civ. P. 56, Def.'s Mot. for Summ. J. [Dkt. # 10], and plaintiff has opposed the motion, Pl.'s Response to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") [Dkt. # 13]. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and enter judgment accordingly.

**I. BACKGROUND**

Plaintiff is a federal prisoner serving a 960-month prison sentence imposed by the United States District Court for the Northern District of Alabama in November 1997 following convictions for carjacking, four counts of bank robbery, and four counts of using a firearm during a crime of violence. *See Woods v. Rathman*, No. 1:12-cv-2855, 2013 WL 1346373, at * 1 (N.D. Ala. Mar. 14, 2013). In a FOIA request dated December 28, 2009, to the "Dept. of Justice FBI Crime Lab," plaintiff sought the following six categories of records or information pertaining to his criminal case: (1) the "field notes" of an FBI Special Agent; (2) the "exact

1

dates that all specimens were collected for DNA analysis;" (3) "How many times were related DNA specimens tested [] and to whom where those results disclosed?"; (4) "surveillance photos or videos of 'Talladega' robbery related to DNA results;" (5) witness statements and police reports related to said Talladega robbery; and (6) the "[e]xact dates DNA analysis results were disclosed and to whom were they disclosed." Decl. of David M. Hardy [Dkt. # 10-3], Ex. A. On January 15, 2010, the FBI informed plaintiff that it was returning his request because it needed "sufficient information to conduct an accurate search of the Central Records System." *Id*., Ex. B. On January 24, 2010, plaintiff responded with a "Clarification of Requested Information," in which he stated, *inter alia*, that the request "is related to a FBI crime lab report prepared on October 8, 1997 by F. Samuel Baechtel, where DNA analysis was performed on a white-ski-mask found in an abandoned get-away-car and was used . . . as government's exhibit # 44 [during the criminal trial]." *Id*., Ex. C.

On April 25, 2011, the FBI informed plaintiff that it was releasing 55 pages it had reviewed with portions redacted from 28 of those pages under FOIA exemptions 6 and 7(C), *see* 5 U.S.C. § 552(b), and the Privacy Act, 5 U.S.C. § 552a(j)(2). *Id*. ¶¶ 4-5 & Ex. F. The letter also informed plaintiff about his right to appeal the decision to DOJ's Office of Information Policy ("OIP"). OIP affirmed the FBI's determination on September 26, 2011. *Id*., Ex. I. Plaintiff filed this action on October 17, 2012.

## II. LEGAL STANDARD

Summary judgment is warranted "if the movant shows [by affidavit or other admissible evidence] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party opposing a summary judgment motion must show that a genuine factual issue exists by "(A) citing to particular parts of

materials in the record . . . or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Any factual assertions in the moving party's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992). However, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Gold Anti–Trust Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (citations omitted). An agency has the burden of demonstrating that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted).

In reviewing a summary judgment motion in the FOIA context, the court must conduct a de novo review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations that are "relatively detailed and non-conclusory" are accorded "a presumption of good faith, which cannot be rebutted by purely speculative

3

claims about the existence and discoverability of other documents." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted).

An agency from which information has been requested must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Thus, when, as here, an agency's search is questioned, the Court must decide the adequacy of the search by applying a "reasonableness test to determine the adequacy of search methodology." *Campbell v. Dep't of Justice*, 163 F.3d 20, 27 (D.C. Cir. 1998). The agency must demonstrate that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Fischer v. Dep't of Justice*, 596 F. Supp. 2d 34, 42 (D.D.C. 2009) (citations omitted). An adequate affidavit can be rebutted with evidence that the agency's search was not made in good faith. *Defenders of Wildlife v. Dep't of the Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004). Because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *Iturralde v. Comptroller of the Currency*, 315 F. 3d 311, 315 (D.C. Cir. 2003), "the fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Crim. Div. of U.S. Dept. of Justice* 475 F.3d 381, 391 (D.C. Cir. 2007) (citations omitted).

### III. DISCUSSION

Defendant argues first that it conducted an adequate search for records, second that the Privacy Act precludes the production of the requested records, and third that it properly invoked exemptions 6 and 7(C) to withhold third-party information. Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. [Dkt. # 10-1] at 4-14. In his opposition, plaintiff questions defendant's search because it failed to produce "the exact date that specimen K5 was collected," Pl.'s Opp'n

at 2, asserts that "section (j)(2) of the Privacy Act ought not be considered a FOIA withholding statute for first party requesters . . . .," *id.* at 4, and contends that "a very significant public interest would be furthered by the production of the date that specimen K5 was collected," *id*. at 7.

Both parties are correct with regard to the Privacy Act. While it is true that section (j)(2) of the Privacy Act may preclude production of the requested records, the Privacy Act does not bar disclosure of documents that are otherwise required to be produced under the FOIA. 5 U.S.C. § 552a(b)(2); *see Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982). Since defendant properly considered plaintiff's request in light of the FOIA, any issue arising under the Privacy Act is essentially moot.

**1. Defendant's Search for Responsive Records**

Plaintiff has not refuted Hardy's adequate description of the filing systems searched and the search methods employed, which located 55 responsive pages. *See* Hardy Decl. ¶¶ 17-23. Rather, plaintiff has an unsubstantiated "belie[f] that there is more evidence or files within the Department of Justice's system of records that was 'withheld' from his trial attorney that could have exonerated the plaintiff during his jury trial." Pl.'s Opp'n at 1. But the FOIA request forming the basis of this action was addressed to the FBI, which is one of many DOJ components, and "the component that first receives a request for a record and has possession of that record is the component responsible for responding to the request." 28 C.F.R. § 16.4(a); *see id*. § 16.3 (requiring a FOIA requester to write "directly to the Department component that maintains [] records," or, if unknown, to "the FOIA/PA Mail Referral Unit, Justice Management Division . . . ."). Plaintiff takes issue specifically with defendant's failure to produce one record or date, but an omitted record cannot alone support a finding of an inadequate search, and "FOIA

neither requires an agency to answer questions disguised as a FOIA request . . . or to create documents or opinions in response to an individual's request for information. *Hudgins v. I.R.S.* 620 F. Supp. 19, 21 (D.D.C. 1985) (citation omitted).

Hardy states that the FBI searched by "the phonetic sounds of [plaintiff's] last, middle and first names" and "used plaintiff's date of birth to facilitate the identification of requested records." Hardy Decl. ¶ 23. In addition, the FBI "hand scoped the files to find the specific requested 'FBI crime lab report prepared in [sic] October 8, 1997 [] by Samuel Baechtel, where DNA analysis was performed on a white ski mask found in an abandoned get-away car'." *Id*. Defendant located potentially responsive material as a result of the "scoping." *Id*.

The Court is satisfied from Hardy's declaration that defendant's search was reasonably calculated to locate all responsive records. In the absence of any contrary evidence, defendant is entitled to summary judgment on the search question.

**2. Defendant's Claimed Exemptions**

Defendant redacted third-party identifying information from the released pages under FOIA exemptions 6 and 7(C). Hardy Decl. ¶¶ 28, 32-37. The information pertained to FBI special agents and support staff involved in "the investigative activities reported in the [responsive] documents," *id*. ¶ 36, and third-party individuals "of investigative interest to the FBI and/or other law enforcement agencies." *Id*. ¶ 37. Since defendant applied both exemptions to the same information, and it is undisputed that the information was compiled for law enforcement purposes, the Court will only address the propriety of defendant's invocation of exemption 7(C). *See Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011) (finding "no need to consider [e]xemption 6 separately [where] all information that would fall

within the scope of [e]xemption 6 would also be immune from disclosure under [e]xemption 7(C)").

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the privacy interest of individuals mentioned in the records against the public interest in disclosure. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). The privacy interest at stake belongs to the individual, not the government agency. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-65 (1989); *see Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (noting individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"). And "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). Generally speaking, an agency's withholding of the type of third-party information at issue here has been routinely upheld, and such information has been found to be "categorically exempt." *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995). *See Banks v. Dep't of Justice*, 757 F. Supp. 2d 13, 18 (D.D.C. 2010) ("Exemption 7(C) 'takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.' ") (quoting *Dunkelberger v. U.S. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990)); *Blackwell v. Fed. Bureau of Investigation*, 680 F. Supp. 2d 79, 93-94 (D.D.C. 2010) (approving the withholding of "information likely to identify . . . FBI special agents and support personnel, non-FBI federal

law enforcement employees, state and local law enforcement personnel, victims, third parties who provided information, and third parties merely mentioned in the files").

"As a result of [e]xemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information." *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) (citing cases). The exception is when the requester has shown that an overriding public interest compels disclosure, but "the only public interest relevant for purposes of [e]xemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.' " *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773); *see also Sussman*, 494 F.3d at 1115. It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). As a general rule applicable here, third-party identifying information is "the type . . . [that] is simply not very probative of an agency's behavior or performance." *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). (citation omitted).

Plaintiff asserts that "a very significant public interest would be furthered by the production of the date that specimen K5 was collected," and any other "favorable evidence such as any other 'test results' that support the plaintiff's actual innocence . . . ." Pl.'s Opp'n at 7, 9. He contends that any withheld information would provide "direct proof [that] [DOJ] has been operating with '[un]clean hands' from the very inception of its indictment and charges, or that it has manufactured a conviction against a true first-time offender . . . ." *Id*. at 7. Plaintiff also contends that "the public has a right to know whether [DOJ] is withholding evidence that could substantiate or corroborate [his] actual innocence . . . ." *Id*. at 9. He then proceeds to recount

8

testimony from his criminal trial. *See id*. at 9-18. Plaintiff does not reasonably explain how releasing the withheld third-party information would shed any light on the FBI's performance, and his personal stake in obtaining information in order to attack his conviction simply "does not count in the calculation of the public interest." *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 541 U.S. 970 (2004), *judgment reinstated*, 378 F.3d 1115 (D.C. Cir. 2004); *see Pugh v. FBI*, 793 F. Supp. 2d 226, 233 (D.D.C. 2011) ("That the FBI's denial of [plaintiff's] FOIA requests may hinder his efforts to challenge his conviction or sentence . . . is irrelevant.").

The Court is satisfied from Hardy's uncontested explanation of the withheld information and its own examination of the 55 Bates-stamped pages, Hardy Decl. Ex. F, that defendant released all reasonably segregable portions of information, and properly applied exemption 7(C) to the withheld third-party information. Hence, defendant is entitled to summary judgment on the claimed exemption.

## CONCLUSION

For the foregoing reasons, the Court finds no genuine dispute as to a material fact with regard to defendant's handling of plaintiff's FOIA request and concludes that defendant, having satisfied its disclosure obligations, is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

DATE: September 12, 2013   SIGNED:   EMMET G. SULLIVAN
                                     UNITED STATES DISTRICT JUDGE